UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Phillip Roberts

    v.                                                      Case No. 21-cv-874-LM
                                                          Opinion No. 2023 DNH 016 P

Warden, FCI Berlin

**O R D E R**

      Petitioner Phillip Roberts, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging the revocation of 27 days of his earned good conduct time as a disciplinary sanction. Respondent, the Warden of the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has moved for summary judgment (doc. no. 10), asserting that Roberts failed to exhaust all of his available administrative remedies for the claims he asserts in his petition. Roberts objects to that motion. (Doc. no. 12). For the reasons that follow, the respondent's motion is granted.

**Summary Judgment Standard**

      The court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013). "When the motion is premised upon the absence of any genuine issue of material fact, the burden shifts to

the nonmovant to identify, by means of materials of evidentiary quality, an issue of fact that is more than merely colorable." Faiella v. Fed. Nat'l Mortg. Assoc., 928 F.3d 141, 145 (1st Cir. 2019) (cleaned up). "In seeking to forestall the entry of summary judgment, a nonmovant may not rely upon allegations in its pleadings." Lucia v. Prospect St. High Income Portfolio, Inc., 36 F.3d 170, 174-75 (1st Cir. 1994).

## Factual Background

I.    BOP Procedure

The BOP has established an administrative appeal process that allows prisoners to seek formal review of their complaints. See 28 C.F.R. §§ 542.10–542.19. Where, as here, the prisoner appeals a disciplinary hearing officer's ("DHO") decision, step one requires the prisoner to submit his appeal to the Regional Director for the region in which the prisoner is currently located. Id., § 542.14(d)(2). If the prisoner is dissatisfied with the Regional Director's response, step two requires the prisoner to appeal the decision to the General Counsel within 30 calendar days of the date the Regional Director issues a response. Id., § 542.15(a). Filing an appeal with "the General Counsel is the final administrative appeal." Id. Once the prisoner has received a decision from the General Counsel, he has exhausted the BOP's two-step administrative-remedy process. See id. Only then can the prisoner seek relief in federal court. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). A failure to exhaust administrative remedies may be excused, however, when the remedies are not available or when the prison administration prevents an

inmate from using the process.  Fox v. Hazelwood, No. 21-CV-159-PB, 2022 WL 2907992, at *1 (D.N.H. July 22, 2022).

II.     Roberts's Case

Roberts was an FCI Berlin inmate in July 2019, when he was charged with a disciplinary violation for disruptive behavior and stalking.  Petition (doc. no. 1) at 5. After a hearing, a DHO found that Roberts had committed the charged violations and imposed sanctions which included the loss of twenty-seven days of good time credit.

Roberts alleges in his petition that he unsuccessfully appealed the disciplinary hearing officer's finding to the BOP's Regional Office.  He then alleges that he appealed to the BOP's Central Office of General Counsel, from which, he alleges, he received no response.  Thus, he asserts that he has exhausted the administrative process.  See Petition (doc. no. 1) ¶ 4.

The respondent agrees that Roberts completed the first step of the administrative process – filing a timely appeal with the Regional Director.  Resp. Mot. (doc. no. 10) at 1.  The respondent asserts, however, that Roberts did not file a further appeal to the Central Office of General Counsel.  It supports this assertion with a declaration from BOP Legal Assistant Cheryl Magnusson.  Id., Exh. A (doc. no. 10-1).  In her sworn declaration, Magnusson avers that her review of relevant BOP databases reveals that Roberts did not complete the final step of the

3

administrative process. Attached to her declaration is a printout listing Roberts's grievance and administrative appellate history. Id.

### Discussion

This is not the court's first review of the respondent's motion. Previously noting that Roberts had failed to properly rebut Magnusson's sworn affidavit, the court granted Roberts leave to amend or supplement his objection to the respondent's motion with "his own affidavit or sworn statement, the affidavits or sworn statement of any other individual, documents, and/or other materials of evidentiary quality, . . . ." October 31, 2022 Order (doc. no. 13) at 4. With that deadline long since passed and no supplement having been filed, the defendant's motion is now ripe for resolution. In short, Magnusson's declaration demonstrates that Roberts has not exhausted his administrative remedies and, as the court previously observed, "[n]either Mr. Roberts's petition nor his objection is sufficient to create a genuine dispute of material fact as to whether he exhausted his available administrative remedies for his claims here." Accordingly, the respondent's motion for summary judgment is granted.

Within his objection to the respondent's motion for summary judgment, Roberts also moved for summary judgment. For the same reasons that the respondent's motion is granted, Roberts's motion is denied.

## **Conclusion**

For the foregoing reasons, the respondent's motion for summary judgment (doc. no. 10) is granted and the petitioner's motion for summary judgment (doc. no. 12) is denied. The Clerk of Court shall enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 15, 2023

cc: Phillip Roberts, pro se
 Seth Aframe, Esq.